# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| FANG, Jiande, FANG, Yihua, LI, Baomin, and YAN, Lina as next of friend for S.D., her minor child<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES<br>Office of the General Counsel<br>U.S. Department of Homeland Security<br>Mail Stop 3650<br>Washington, DC 20528,<br><br>MAYORKAS, Alejandro, Secretary, U.S. Dept. of Homeland Security<br>Office of the General Counsel<br>U.S. Department of Homeland Security<br>Mail Stop 3650<br>Washington, DC 20528,<br><br>JADDOU, Ur M., Director, U.S. Citizenship & Immigration Services<br>5900 Capital Gateway Dr.<br>Camp Springs, MD 20588-0009,<br><br>and<br><br>EMMEL, Alissa, Chief, Immigrant Investor Program Office, U.S. Citizenship & Immigration Services<br>131 M Street, NE, Mailstop 2235<br>Washington, D.C. 20529-2090<br><br>    Defendants. | Case No.:  25-cv-175 |

## **COMPLAINT TO COMPEL AGENCY ACTION AND MANDAMUS**

Plaintiffs, Jiande FANG, Baomin LI, Yihua Fang, (collectively "*Plaintiff 1*") and Lina YAN as next of friend for S.D. ("*Plaintiff 2*"), by and through the undersigned counsel,

1

respectfully bring this Complaint for Writ of Mandamus, pursuant to 28 U.S.C. § 1361, and request an order to compel Defendants UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES ("*USCIS*"), Alejandro MAYORKAS, Ur M. JADDOU, and Alissa EMMEL (collectively, "*Defendants*"), to adjudicate the Forms I-829, Petition by Investor to Remove Conditions on Permanent Resident Status, filed by Plaintiff 1 on August 29, 2016, attached hereto as **Exhibit A** (the "*I-829 Receipts*") and by Plaintiff 2 on May 25, 2017, attached hereto as **Exhibit K** (the "*I-829 Receipt*").

In support thereof, Plaintiffs allege and state as follows:

## INTRODUCTION

This is a civil action brought to redress the deprivation of rights, privileges, and immunities secured to Plaintiffs to compel Defendants, as officers of the United States, to perform their duties owed to Plaintiffs. Jiande Fang, a conditional U.S. resident, has properly filed with USCIS the I-829 Petition requesting removal of conditions on his permanent resident status, and that of his dependents, Baomin Li and Yihua Fang, along with supporting documents and the required $3,920 filing fee on August 29, 2016. Plaintiff 1 have yet to receive a decision on the pending petitions, despite multiple inquiries made to USCIS. Plaintiff 1's petition has been pending for over 99 months. Plaintiff 2, a conditional U.S. resident, has properly filed with USCIS the I-829 Petition requesting removal of conditions on her permanent resident status, properly including S.D. as a dependent, along with supporting documents and the required $3,920 filing fee on May 25, 2017. S.D.'s petition has been pending for over 90 months. USCIS has approved Yan's and spouse's I-829 request but despite inquiries has failed to take the ministerial step of approving the child's request. The normal processing time posted by USCIS on its web site is 54.5 months. See **Exhibit B**. Plaintiffs' petitions have been pending for over 45 and 36 months, respectively, *beyond*

published normal processing times. This unexplained delay is egregious and unreasonable, and Plaintiffs respectfully request that this Court compel Defendants to perform their mandatory duty and issue decisions on their long-pending petitions without further delay.

Defendants' inaction has caused Plaintiffs significant injuries. Plaintiffs seek to secure certain immigration benefits offered by the U.S. Congress to foreign investors seeking permanent residency for immigrants who invest a certain amount of money in commercial enterprises and create a specified number of jobs within the United States. Defendants' delay requires Plaintiffs to take inconvenient extra steps each year to obtain interim evidence of their conditional status and interferes with their work eligibility, driver license renewal, and international travel, among other consequences. Defendants' failure to perform their clear duty to adjudicate Plaintiffs' Form I-829 Petitions filed nearly over 99 and 90 months ago, respectively, is unreasonable, and Plaintiffs are entitled to relief as set forth below.

## **JURISDICTION**

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiffs' claims arise under the laws of the United States, specifically the Immigration and Nationality Act ("*INA*"), related agency regulations, and the Administrative Procedure Act ("*APA*") 5 U.S.C. §§ 551(13), 555(b), 702, 706(1).

2. This Court also has jurisdiction pursuant to 28 U.S.C. § 1361 (Mandamus Act) ("The District Courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to a plaintiff").

3. There are no administrative remedies available to Plaintiffs to redress the grievances described herein. This action challenges the failure of Defendants to adjudicate

Plaintiffs' I-829 Petitions in a reasonable time and does not challenge any discretionary act by Defendants. The action does not challenge the granting or denial of an individual application or petition. Therefore, the jurisdictional limitations of INA § 242, 8 U.S.C. § 1252, do not apply.

4. Costs and attorney's fees will be sought pursuant to the Equal Access to Justice Act. 5 U.S.C. § 504 and 28 U.S.C. §2412(d), *et seq.*

## VENUE

5. Venue properly lies in the District of Columbia pursuant to 28 U.S.C. § 1391(e)(1)(A) and (B), as this is an action against officers and employees of the United States acting in their official capacities, brought in the district where one of the Defendants resides and/or where a substantial part of the events or omissions giving rise to the claim occurred. Defendant USCIS has its official headquarters in Camp Springs, Maryland, but the Investor Program Office responsible to adjudicate Plaintiffs petitions is located in the District of Columbia.

## PARTIES

6. Plaintiff 1, Jiande Fang and his dependents, are conditional permanent residents of the United States who reside in San Mateo, California. Jiande Fang is the principal applicant and self-petitioner in the I-829 Petition that is the subject of this complaint. Baomin Li and Yihua Fang are dependents of Jiande Fang. *See* **Exhibit A**.

7. Plaintiff 2, S.D. is a conditional permanent resident of the United States who resides in Middlesex County, Massachusetts. Plaintiff 2 is the sixteen-year-old dependent of Lina Yan, the self-petitioner in the I-829 Petition that is the subject of this complaint. *See* **Exhibit K**. Yan brings this complaint on behalf of S.D. pursuant to Federal Rule of Civil Procedure 19(c)(2). Yan is dedicated to the best interests of S.D. and will advocate for those best interests in this complaint.

4

8.      Defendant USCIS is the agency responsible for adjudicating Plaintiffs' I-829 Petitions. The Plaintiffs I-829 Petitions are pending with the USCIS Immigrant Investor Program Office ("IPO"). USCIS maintains the ultimate responsibility within the federal government for adjudicating I-829 petitions such as Plaintiffs'.

9.      Defendant Alissa Emmel is the Chief of the Immigrant Investor Program Office, whose office is in Washington, D.C. She is sued in her official capacity. As the Chief of the Immigrant Investor Program Office, she has the ultimate responsibility within her office for the adjudication of Plaintiffs' I-829 Petition.

10.     Defendant Ur M. Jaddou is the Director of USCIS, a subdivision of the Department of Homeland Security ("**DHS**"). She is sued in her official capacity. In her capacity as Director, she has the ultimate responsibility within USCIS for adjudicating Plaintiffs' I-829 Petition in a reasonable time.

11.     Defendant Alejandro Mayorkas is the Secretary of DHS. He is sued in his official capacity. As the Secretary of DHS, he has ultimate responsibility for agencies within DHS including USCIS. In his capacity as Secretary, he oversees the actions and has ultimate responsibility for the actions of USCIS officers in adjudicating Plaintiffs' I-829 Petition.

## FACTS AND PROCEDURAL HISTORY

12.     The Immigration and Nationality Act ("***INA***") section 203(b)(5), 8 U.S.C. § 1153(b)(5), makes visas available to qualified immigrant investors who will contribute to the economic growth of the United States by investing in U.S. businesses and creating jobs for U.S. workers. Through this program, a qualified immigrant investor may obtain lawful permanent residence. The purpose of this provision is to benefit the U.S. economy by providing an incentive for foreign capital investment that creates or preserves U.S. jobs.

13.     In 1992, Congress established a "pilot program" designed to give applicants more flexibility in how they could invest. *See* Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1993, Pub. L. 102-395, § 610(a), 106 Stat. 1828, 1874 (1992). The pilot program created a role for "regional centers" in the investment process which allowed immigrant investors to invest in regional centers and allowed those centers to pool investments and deploy capital for job creation. The EB-5 Reform and Integrity Act of 2022, significantly amending INA §§ 203(b)(5) and 216A, continued and significantly expanded the role of regional centers and increased the amount that must invested by immigrant investors, but it continues to apply prior law to petitions such as Plaintiffs filed before its enactment.

14.     In accordance with regulations, Plaintiffs filed Form I-526 on August 21, 2012 (with a priority date of August 16, 2012) and November 16, 2012, respectively, identifying Plaintiffs as investors in Green Tech Automotive Partnership A-3, LP – the New Commercial Enterprise ("***NCE***") and evidence of the source of Plaintiffs' investment funds and the plan for the investment entity to place and spend the capital and create 10 new jobs for U.S. workers. USCIS approved Plaintiffs' I-526 petitions on November 12, 2013 and January 29, 2014, respectively, after which Plaintiffs immigrated to the U.S.

15.     8 CFR 216.6(a)(4)(ii) -(iv) provides a petition to remove the conditional basis of the permanent resident status of an investor accorded conditional permanent residence pursuant to section 216A of the Act, 8 U.S.C. § 1186b, must be filed by the investor with the appropriate fee within the 90-day period preceding the second anniversary of the date on which the investor acquired conditional permanent residence, showing that the investment was sustained and the jobs created. Plaintiffs filed Form I-829 petitions along with the required $3,920 filing fee on August 29, 2016 and May 25, 2017, respectively. *See* **Exhibit A** and **Exhibit K**.

16. Section 555(b) of the Administrative Procedure Act requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall proceed* to conclude a matter presented to it." 5 U.S.C. § 555(b) (emphasis added). A violation of the agency's duty to resolve matters within a reasonable time is a sufficient basis for mandamus relief. *See e.g. Sierra Club v. Thomas*, 828 F.2d 783, 797 (D.C. Cir. 1987). Moreover, § 1572, included in the Immigration Services and Infrastructure Improvements Act of 2000, provides that as a policy, "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application . . . ." 8 U.S.C. § 1571(b). Finally, 8 U.S.C. § 1186b(c)(3)(A), specifically applicable to I-829 petitions, requires that "the Secretary of Homeland Security shall make a determination, within 90 days of the date of such filing or interview (whichever is later), as to whether the facts and information described in subsection (d)(1) and alleged in the petition are true with respect to the qualifying commercial enterprise.

17. A standard for reasonable processing time can be informed by (1) the 180 days generally contemplated by Congress in 8 U.S.C. § 1571, (2) the specific 90-day requirement from Congress in 8 U.S.C. § 1186b(c)(3)(A), and (3) current USCIS processing times. *Mohamed v. Dorochoff et al.*, No. 11C1610, 2011 WL 4496228, *5 (N.D. Ill. Sept. 22, 2011).

18. The latest figures from USCIS, as of December 6, 2024, reflect a current time for processing I-829 Petitions. Attached hereto as **Exhibit B** is a genuine and complete copy of the current processing times for I-829 Petitions.

19. The petitions filed by Plaintiffs are well outside normal processing times.

20. On January 21, 2020, Plaintiff 1 submitted an I-829 interfiling providing evidence of both Plaintiff's sustainment of his investment in the qualifying job creating entity and creation

7

of the 10 full time jobs as required by regulations 8 C.F.R. §204.6(i)(4)(i)(B). *See* **Exhibit C** regarding the I-829 interfiling submitted to USCIS.[1]

21. On August 18, 2021, USCIS issued a Request for Evidence ("***RFE***") pertaining to the I-829 Petition, reflecting no USCIS awareness of the interfiling Plaintiff 1 had made 19 months earlier and requesting that Plaintiff 1 provide evidence that his investment had been sustained and requisite jobs created. *See* **Exhibit D** regarding complete copy of RFE issued by USCIS.

22. Plaintiff 1 timely submitted a response to the RFE on August 27, 2021. *See* **Exhibit E** regarding a copy of the RFE response, which essentially re-submitted the evidence that had been interfiled in January 2020.[2]

23. USCIS has approved at least 42 petitions by investors in the same enterprise who submitted to USCIS the exact collection of evidence contained in Plaintiff 1's 2020 interfiling and 2021 RFE response. *See* chart of approved petitions at **Exhibit F**.

24. On September 6, 2023, Plaintiff 1 submitted an online case inquiry to USCIS to inquire about the status of the I-829 petition. On November 21, 2023, USCIS responded, stating Plaintiff 1's petition was pending with the Immigrant Investor Program Office. *See* **Exhibit G**.

25. On April 24, 2024, Plaintiff 1 submitted an online case inquiry to USCIS to inquire about the status of the I-829 petition. On May 16, 2024, USCIS responded, stating Plaintiff 1's petition was pending with the Immigrant Investor Program Office. *See* **Exhibit H**.

26. On August 28, 2024, Plaintiff 1 submitted an online case inquiry to USCIS to inquire about the status of the I-829 petition. On September 16, 2024, USCIS responded, stating

---

[1] In the interest of brevity, Plaintiff 1 has attached the first 13 pages of the I-829 interfiling which includes the FedEx tracking details, executed G-28, attorney cover letter and table of exhibits.

[2] In the interest of brevity, Plaintiff 1 has attached the first 15 pages of the I-829 RFE response which includes the FedEx tracking details, the RFE issued by USCIS, executed G-28, attorney cover letter and table of exhibits.

Plaintiff 1's case has been assigned to an Officer. *See* **Exhibit I**.

27. Plaintiff 1 contacted Congressman Ro Khanna seeking congressional assistance. On September 18, 2024, Plaintiff 1 received correspondence from Congressman Khanna regarding the status of his case. Defendants replied to Congressman Khanna's congressional inquiry, stating the case had unresolved background issues that temporarily delay adjudication of the application or petition. *See* **Exhibit J**.

28. On July 6, 2020, Plaintiff 2 submitted an I-829 interfiling providing evidence of Plaintiff 2's sustainment of her investment in the qualifying job creating entity and creation of the 10 full time jobs as required by regulations 8 C.F.R. §204.6(i)(4)(i)(B).

29. On October 7, 2021, USCIS issued an RFE pertaining to the I-829 Petition, reflecting no USCIS awareness of the interfiling Plaintiff 2 had made 15 months earlier and requesting that Plaintiff 2 provide evidence that her investment had been sustained and requisite jobs created.

30. On December 30, 2021, Plaintiff 2 timely submitted a response to the RFE, which essentially re-submitted the evidence that had been interfiled in October 2020.

31. On March 27, 2023, USCIS approved Yan's I-829 Petition as to her and her dependent spouse. *See* **Exhibit L** regarding I-829 approval notice for Lina Yan and dependent spouse. Their dependent child's S.D.'s I-829 Petition remains pending, despite the fact that all relevant matters for S.D. were established and resolved in Yan's I-829 approval. S.D. submitted to USCIS a Form I-90, application to replace permanent green card. USCIS denied the I-90 in a decision at **Exhibit M** rather than mooting the I-90 by approving S.D.'s long-pending I-829 and issuing her the ten-year validity green card she seeks and deserves.

32. Defendants owe a non-discretionary duty to Plaintiffs to adjudicate Plaintiffs' Form

I-829 Petitions.

33. Defendants have violated that duty.

34. Defendants' unreasonable delay in adjudicating Plaintiffs' Form I-829 Petition has had a substantial negative impact on Plaintiffs.

35. Expediting the delayed adjudication of the Form I-829 Petitions would have no adverse effect on agency activities of a higher or competing priority.

## FIRST CAUSE OF ACTION
### (Violation of the APA 5 U.S.C. § 706(1) – Unlawfully Withholding or Unreasonably Delaying Agency Action)

31. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Defendants have a non-discretionary duty to conclude a matter presented to it within a reasonable time. 5 U.S.C. § 555(b).

33. Defendants have failed and/or refused to adjudicate Plaintiffs cases even though more than a reasonable time has passed since the filing of its application.

34. Plaintiffs do not have any administrative remedies available to it aside from the application process about which they are now complaining.

35. The APA requires federal courts to compel agency action that is unlawfully withheld and/or unreasonably delayed. 5 U.S.C. § 706(1).

## SECOND CAUSE OF ACTION
### Mandamus Act, 28 U.S.C. § 1361

36. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. As an alternative basis for jurisdiction and compelling government officials to act, Plaintiffs rely on the Mandamus Act, 28 U.S.C. § 1361.

38. Mandamus is a remedy available for extreme agency delay where the agency has not performed a mandatory action. 28 U.S.C. § 1361.

39. Mandamus relief is appropriate in this case, where Defendants owe a clear non-discretionary duty to Plaintiffs to adjudicate their I-829 Petitions in a reasonable time, and Defendants have been derelict in this duty.

40. Defendants' failure to adjudicate the I-829 Petitions for over 99 and 90 months, respectively, is a case of extreme agency delay.

41. Defendants owe Plaintiffs a duty to act upon the I-829 Petitions and have unreasonably failed to perform that duty.

42. Plaintiffs have exhausted any administrative remedies that may exist. Plaintiffs have no other remedy for relief except to compel Defendants to adjudicate the I-829 Petitions through mandamus.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectively ask this Court to:

A. Compel Defendants and those acting under them to perform their duty to adjudicate the I-829 Petitions owed to Plaintiffs;

B. Issue a writ of mandamus compelling Defendants and those acting under them to perform their duties and complete the adjudication of Plaintiffs' I-829 Petitions;

C. Grant reasonable attorney's fees and costs of court pursuant to the Equal Access to Justice Act; and

  D.  Grant such other and further relief as this Court deems proper and just under the circumstances.

Dated: January 21, 2025.

            Respectfully submitted,

            *David Folds*
            _____
            J. David Folds (DC Bar No. 449791)
            Baker, Donelson, Bearman, Caldwell &
            Berkowitz, PC
            901 K Street NW, Suite 900
            Washington, DC 20001
            Tel: 202.508.3441
            dfolds@bakerdonelson.com

            *Attorneys for Plaintiff*